UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID YARIEL RODRIGUEZ,

    Plaintiff,

  v.

ROLLIN COOK ET AL.,

    Defendants.

Case No. 3:20-cv-1902 (CSH)

March 23, 2023

**MEMORANDUM AND ORDER ON UNCONTESTED MOTION TO DISMISS**

**HAIGHT, Senior District Judge:**

    Pro se plaintiff David Yariel Rodriguez is a sentenced state prisoner currently confined at Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut. He alleges that twelve prison officials violated his rights under the Eighth and Fourteenth Amendments in connection with his placement on Chronic Discipline Status in May 2020 at Cheshire Correctional Institution ("Cheshire"). Compl. (Doc. 1) at 1.

    In September 2022, the Court conducted its initial review of the Complaint in accordance with 28 U.S.C. § 1915A. *See generally* Initial Review Order (Doc. 14). The Court allowed Plaintiff's claims to proceed against all twelve Defendants—in their individual capacities and for monetary damages—for subjecting Plaintiff to exposure to mold, rust, and isolating conditions during his disciplinary confinement. *Id.* at 20 ¶ 1. The Court also allowed his claims to proceed against Captain Rodriguez and Counselor Stacy Martinez—again in their individual capacities and for monetary damages—for violating his right to procedural due process. *Id.* Plaintiff's re-

quests for declaratory and injunctive relief were dismissed under 28 U.S.C. § 1915A(b)(1), as were his claims regarding his restricted access to showers and placement in leg shackles. *Id.*

On November 9, 2022, Defendants moved to dismiss the Eighth Amendment claims that had survived initial review, arguing pursuant to Federal Rule 12(b)(6) that Plaintiff's allegations failed to state a claim because they failed to show Defendants' personal involvement in the alleged mold, rust, or isolating conditions. Mot. to Dismiss (Doc. 27) at 1. Defendants cite well-settled precedent in the Second Circuit requiring defendants to be personally involved in alleged constitutional deprivations as "a prerequisite to an award of damages under § 1983." *Brandon v. Kinter*, 938 F.3d 21, 36 (2d Cir. 2019), quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). *See also Stewart v. Ayala*, No. 3:20-CV-1938 (CSH), 2022 WL 4356467, at *1 (D. Conn. Sept. 20, 2022) ("The Second Circuit has established that a plaintiff must plead that supervisory defendants 'violated the Eighth Amendment by [their] own conduct, not by reason of [their] supervision of others who committed the violation.'" (quoting *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020)). District Courts in this Circuit have further specified that "personal involvement cannot be established based [solely] on the receipt of a letter or grievance." *Smith v. Conn. Dep't of Corr.*, No. 3:05-CV-960 (HBF), 2007 WL 678549, at *4 (D. Conn. Mar. 1, 2007) (collecting cases). Defendants contend that none of the Defendants named in Plaintiff's Complaint are alleged to have had personal involvement in the mold, rust, and isolating conditions that Plaintiff faced while in disciplinary confinement. *See* Mot. to Dismiss at 4–10.

Plaintiff has declined to contest the Motion to Dismiss, stating as follows:

1. At this time Plaintiff agrees with [D]efendants['] Motion.
2. In regards to the Eighth Amendment Claims in this Complaint Plaintiff has no rebuttal to offer.

    3. Plaintiff only agrees to dismissal of the Eighth Amendment claims, NOT any of his Due Process claims.

Mot. to Grant Def.'s Mot. (Doc. 33) at 1 ¶¶ 1–3.

    In light of Plaintiff's concession, the Motion to Dismiss [Doc. 27] and Plaintiff's Motion to Grant the Motion to Dismiss [Doc. 33] are **GRANTED**. Plaintiff's Eighth Amendment claims that Defendants Cook, Quiros, Cepelak, Butrick, Guadarrama, Walker, Nunez, Peterson, Watson, Rodriguez, Martinez, and Green, in their individual capacities, subjected Plaintiff to exposure to mold and rust during his confinement in the first phase of the Chronic Discipline Status program and to isolating conditions in both phases of the Chronic Discipline Status program are **DISMISSED** for failure to state a claim upon which relief can be granted.

    The claims that remain are those against Captain Rodriguez and Counselor Stacy Martinez—in their individual capacities and for monetary damages—for violating Plaintiff's right to procedural due process in connection with his placement in the Chronic Discipline Status program. Accordingly, Defendants Cook, Quiros, Cepelak, Butrick, Guadarrama, Walker, Nunez, Peterson, Watson, and Green, shall be **DISMISSED** as parties to this action.

    The Parties are **ORDERED**, within **twenty-one days**, to confer and submit to the Court any proposed modifications to the deadlines for discovery and the filing of dispositive motions that were provided in the Initial Review Order. All current deadlines are stayed in the interim.

    It is SO ORDERED.

    Dated: New Haven, Connecticut
    March 23, 2023

                                               */s/ Charles S. Haight, Jr.*
                                               CHARLES S. HAIGHT, JR.
                                               Senior United States District Judge